IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ELDER JUAREZ,<br><br>                         Plaintiff,<br><br>      vs.<br><br>WALKER MANUFACTURING COMPANY,<br><br>                         Defendant. | **8:17CV497**<br><br>**ORDER** |

This matter is before the Court on Rodney Benson's Motion to Quash, or in the Alternative, for a Protective Order. ([Filing No. 1](#).) The motion will be granted, in part.

## BACKGROUND

On December 20, 2017, Plaintiff served a subpoena for Rodney Benson ("Benson") to appear for a deposition in a products liability action pending in the United States District Court for the District of Massachusetts. *See Juarez v. Walker Manufacturing Company*, Civil Action No. 1:16-cv-11633 (D. Mass. 2016). The Massachusetts action involves a commercial lawnmower produced by Defendant Walker Manufacturing Company. In that action, Plaintiff alleges he was injured while using a Walker lawnmower and sustained permanent injuries. Plaintiff maintains that the Walker lawnmower was defective due in part to the lack of a roll over protective system ("ROPS").

Plaintiff seeks Benson's testimony because Defendant's employee, Ted Walker, mentioned Benson during his deposition. ([Filing No. 3](#).) Specifically, Plaintiff asked Mr. Walker about the American National Standard Institute's ("ANSI") standard No. B71.4, which addresses Commercial Turf Care Equipment including zero-turn riding lawnmowers. The 2012 version of ANSI B71.4 supposedly requires rollover protection systems on zero-turn riding lawnmowers with front-mounted decks and dedicated baggers. However, the 2017 version of ANSI B71.4 removed that requirement. Mr. Walker testified that he attended a meeting of the Outdoor Power Equipment Institute ("OPEI") with Benson, and that Benson suggested changes

to the language of the 2017 standard. Benson and his employer, Exmark Manufacturing Co., Inc. ("Exmark"), are not parties to the Massachusetts action.

Benson contends that anything he might have to say about a 2017 ANSI standard is irrelevant to the claims or defenses in the Massachusetts action because that suit involves a lawnmower manufactured before 2017.[1] Benson further argues that Defendant is a direct competitor of his employer, Exmark. Benson claims that he has access to trade secret and confidential proprietary information which, if disclosed, would be detrimental to Exmark's business. Benson also asserts that a deposition would be burdensome because it would take him away from his work at Exmark. Benson asks, in the alternative, that if the deposition is allowed, that its scope be limited to questions regarding Benson's statements at the OPEI meeting, and that Plaintiff be prohibited from asking any questions concerning Exmark or Benson's work at Exmark.

Plaintiff argues that Benson's deposition is necessary to discover Benson's rationale for introducing a 2017 revised standard for front-mounted mowers with integral grass catchers. Plaintiff also wants to ask Benson why this change was made. Plaintiff claims that this information is necessary because Defendant has taken the position that its lawnmower does not need a ROPS because it is front-mounted and has greater stability. Plaintiff contends that Defendant may argue that the 2017 ANSI amendment justifies its position. Plaintiff points out that Defendant has refused to stipulate that the 2017 ANSI standard is inadmissible evidence. Given this, Plaintiff maintains that he needs to prepare for the 2017 standard being admitted and, to do so, he should be allowed to ask the alleged proponent of the change (Benson) why the change was made and the rationale behind it. Plaintiff has agreed to limit the scope of Benson's

---

[1] Benson also argues that Plaintiff's opposition to his Motion to Quash should be stricken because Plaintiff's counsel is not authorized to appear before this Court. It is true that under the Local Rules of this Court, attorneys who are not admitted to the bar of this Court "apply" to practice in this forum. NEGenR 1.7. "Nonresident attorneys who are not members of this court's bar have no absolute right to represent clients in this district; this court retains the right to demand that a party be represented by members of this court's bar who reside in Nebraska." *Peter Kiewit Sons', Inc. v. Wall St. Equity Group, Inc.*, No. 8:10CV365, 2012 WL 5400037, at *2 n.1 (D. Neb. Nov. 5, 2012). Given the limited nature of this action—an action seeking to quash a subpoena issued in a suit pending in another state—this Court will dispense with the application requirement in this instance.

deposition to exclude any discussion of Exmark's confidential business information that is unrelated to the ANSI standards or ANSI testing. Plaintiff has also agreed to depose Benson in Nebraska, at a location within easy driving distance of Benson's workplace.

**DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 26(b)(1), as amended, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 26 "is to be construed broadly and encompasses any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Hodges v. Pfizer, Inc.*, Civ. No. 14-4855-ADM/TNL, 2016 WL 1222229, *2 (D. Minn. March 28, 2016) (internal quotation omitted). Nevertheless, the scope of discovery is not unlimited. Courts must limit the frequency or extent of discovery if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b). Further, under Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id*.

Federal Rule of Civil Procedure 45 governs discovery from nonparties through the issuance of subpoenas. Rule 45 provides that nonparties may be commanded to "attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises." Fed. R. Civ. P. 45. However, Rule 45 requires a court to quash or modify a subpoena if the subpoena requires the disclosure of privileged matter or subjects a person to undue burden. "The court need not reach the issue of privilege or burden, however, unless the information sought is discoverable pursuant to Fed. R. Civ. P. 26." *Sampson v. Schenck*, No. 8:07CV155, 2009 WL 484224, *3 (D. Neb. Feb. 23, 2009). Thus, a subpoena must seek relevant information. *Phelps-Roper v. Heineman*, No. 4:09CV3268, 2014 WL 562843, *1 (D. Neb. Feb. 11, 2014).

The Court finds that the subpoena seeks relevant information. The Court agrees that Plaintiff should be able to inquire as to why the ANSI standard was modified and the purpose of the amendment. Further, the Court concludes that it would not be unduly burdensome for Benson to appear for a deposition in Nebraska, at a location near his place of employment.

Plaintiff has agreed to limit the scope of Benson's deposition to exclude any discussion of Exmark's confidential business information which is unrelated to ANSI standards or ANSI testing. Benson requests that any questioning be limited even further, to include only questions regarding Benson's participation at the OPEI meeting. Benson also asks that Plaintiff be prohibited from asking questions concerning Exmark or Benson's work at Exmark. Given the stated purpose of the deposition, and Benson's and Exmark's status as a nonparties to the Massachusetts action, the Court finds that questioning should be limited to exclude any discussion of Exmark's confidential business information. Questioning should be limited to Benson's participation at the OPEI meeting and his rationale for suggesting the amendment to the ANSI standard and/or the purpose of the amendment.

Accordingly,

**IT IS ORDERED** that Rodney Benson's Motion to Quash, or in the Alternative, for a Protective Order (Filing No. 1) is granted, in part. Plaintiff shall be permitted to depose Benson in Nebraska, near his place of employment. The deposition shall be conducted at a mutually-convenient time and location. Questioning during the deposition shall be limited to Benson's participation/statements at the OPEI meeting and Benson's rationale for suggesting the amendment to the ANSI standard and/or the purpose of the amendment. Plaintiff may not question Benson regarding Exmark's confidential business information, including, but not limited to, Exmark's machines' designs, safety features, and internal processes or testing procedures. Plaintiff also may not inquire regarding Exmark's parent company, The Toro Company.

Dated this 17th day of April, 2018.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge